The Honorable Barbara Lawrence Senator, 30th District 315 N. Roosevelt Wichita, Kansas 67208
Dear Senator Lawrence:
As chairman of the senate committee on elections, reapportionment and governmental standards, you request our opinion regarding whether the state of Kansas is exempt from the provisions of the national voter registration act of 1993 (NVRA).
Upon a finding that: (1) the right to vote is a fundamental right; (2) it is the duty of the government to promote the exercise of that right; and (3) that discriminatory and unfair registration laws and procedures can have a direct and damaging effect on voter participation in elections for federal offices and disproportionately harm voter participation by various groups, the United States congress enacted the national voter registration act of 1993. National Voter Registration Act of 1993, P.L. 103-31, 1993 U.S. Code Cong. Admin. News (107 Stat.) 77 (to be codified at 42 U.S.C. § 1973gg). The act requires states to provide procedures for simultaneous registration of voters with a driver's license application or nondriver's identification application, registration by mail, and registration at offices in the state that provide public assistance or are primarily engaged in serving persons with disabilities. Section 4(b) of the act provides an exemption from the provisions of the act to certain states.
 "This Act does not apply to a State described in either or both of the following paragraphs:
 "(1) A State in which, under law that is in effect continuously on and after March 11, 1993, there is no voter registration requirement for any voter in the State with respect to an election for Federal office.
 "(2) A State in which, under law that is in effect continuously on and after March 11, 1993, or that was enacted on or prior to March 11, 1993, and by its terms is to come into effect upon the enactment of this Act, so long as that law remains in effect, all voters in the State may register to vote at the polling place at the time of voting in a general election for Federal office." P.L. 103-31, 107 Stat. 78
(emphasis added).
In the house report regarding the national voter registration act of 1993 (NVRA), explanation of the purpose of the exemptions was set forth.
 "The language of [section (4)(b)] is specific as it relates to the exceptions. It is the intent of the Committee that these exceptions are narrowly drawn to assure that only those States in which any voter may vote either without registration or by registering at the polling place on election day would be exempt. A State would be exempt from the requirements of the bill if it meets either or both of these requirements. The Committee believes that states which have implemented one or both of these exceptions have lessened the impediments to registration which goes significantly beyond the requirements of the bill. A State would not be exempt if it merely granted local jurisdictions the option of providing for election day registration or no registration if local jurisdictions also had the option of requiring any other form of registration. The Committee does not believe such an option results in a significant reduction in registration barriers." H.R. Conf. Rep. No. 103-9, 103rd Cong., 1st Sess. 5 (1993), reprinted in 1993 U.S. Code Cong. Admin. News 105, 110 (emphasis added).
It is generally accepted that the exemptions apply to the states of North Dakota (no voter registration requirement), Minnesota, Wisconsin (same day registration), and Wyoming (same day registration; became effective upon passage of the federal act), and may apply to Maine.
During the 1992 legislative session, the Kansas legislature enacted L. 1992, ch. 197 permitting persons to register to vote at the time they apply for drivers' licenses or nondriver identification cards.
 "An application for voter registration for elections shall be included as part of the application for any motor vehicle driver's license and nondriver identification card issued by the division of vehicles. An individual who completes the application for voter registration and is otherwise eligible shall be registered to vote in accordance with the information supplied by the individual." L. 1992, ch. 197, sec. 1.
The act was to take effect and be in force from and after January 1, 1994. L. 1992, ch. 197, sec. 2. Upon the request of the division of motor vehicles, the date for implementing the act was delayed to July 1, 1994. L. 1993, ch. 140, sec. 3. Therefore, on July 1, 1994, the state of Kansas, absent the NVRA, would have in effect one facet of the NVRA. The congressional committee in its report acknowledged that a number of states had implemented prior to March 11, 1993, at least one form of voter registration advocated by the NVRA. H.R. Conf. Rep. No. 103-9, 103rd Cong., 1st Sess. 5 (1993), reprinted in 1993 U.S. Code Cong. 
Admin. News 105, 108. (Approximately half the states were already functioning under some form of voter registration by mail. Id.) However, congress chose to limit the exemptions from the provisions of the NVRA to those states: (1) which had no voter registration requirement; or (2) which permitted registration of voters at the polling place at the time of voting in a general election; and (3) the state law authorizing such was in effect continuously on and after March 11, 1993, or took effect with the NVRA. The state of Kansas fails to meet the requirements necessary for an exemption from the provisions of the NVRA.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS: